UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| THERON PRESTON WASHINGTON, | Case No. 14-CV-3209 (DWF/SER) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MR. MARK and VOLUNTEER OF AMERICA, | |
| Defendants. | |

---

In June 2010, plaintiff Theron Preston Washington was indicted in this District on one count of bank robbery in violation of 18 U.S.C. § 2113(a). He pleaded guilty to this charge and was sentenced to a 46-month term of imprisonment followed by 3 years of supervised release. *See United States v. Washington*, No. 10-CR-0162 (ADM/SER) (D. Minn. filed June 9, 2010). Since the time of his indictment, Washington has become a frequent litigator in this District, bringing six lawsuits over the past four years, not counting the present case.[1] *See Washington v. Lodge*, No. 10-CV-3397 (JRT/FLN) (D. Minn. filed Aug. 9, 2010); *Washington v. Anoka Cnty. Jail*, No. 10-CV-4938 (JRT/FLN) (D. Minn. filed Dec. 20, 2010); *Washington v. United States Government*, No. 11-CV-0274 (JRT/FLN) (D. Minn. filed Feb. 3, 2011); *Washington v. Vaghn*, No. 14-CV-0525 (JRT/JSM) (D. Minn. filed Feb. 25, 2014); *Washington v. Holley*, No. 14-CV-

---

[1]Washington also filed three cases in the Western District of North Carolina during his incarceration at the Federal Correctional Complex in Butner, North Carolina. In each instance, Washington's complaint was summarily dismissed for failure to state a claim, frivolity, or both. *See Washington v. Butner Fed. Correctional Institution*, No. 3:11-CV-00620-RJC (W.D.N.C. filed Dec. 5, 2011); *Washington v. Obama*, No. 3:12-CV-0511-RJC (W.D.N.C. filed Aug. 15, 2012); *Washington v. Obama*, No. 3:12-CV-0565-RJC (W.D.N.C. filed Aug. 31, 2012). Washington has also filed several frivolous complaints in the Northern District of Illinois. *See, e.g.*, *Washington v. United States*, No. 1:10-CV-08216 (N.D. Ill. filed Dec. 27, 2010); *Washington v. Nation of Islam*, No. 1:11-CV-05954 (N.D. Ill. filed Aug. 26, 2011).

1007 (JNE/JJK) (D. Minn. filed Apr. 8, 2014); *Washington v. Attorney General*, No. 14-CV-1169 (JNE/JJG) (D. Minn. filed Apr. 17, 2014).  In almost every instance, Washington's claims have been summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), either for failure to state a claim on which relief can be granted or for outright frivolity.  *See Holley*, No. 14-CV-1007 (JNE/JJK), ECF No. 4 at 2 ("It is readily apparent that Plaintiff's complaint in this case rises to the level of the irrational or the wholly incredible, and thus it is frivolous, as that term has been defined by the Supreme Court." (quotations omitted)).

Washington now alleges that an individual identified in his complaint only as "Mr. Mark" violated his constitutional right to be free from unreasonable searches by placing illegal contraband in his room at the residential re-entry center in Roseville, Minnesota.  (Washington is now on supervised release for his 2011 bank-robbery conviction.)  Based on those allegations, Washington requests that the Court order Mark and the other staff at defendant "Volunteer [sic] of America" to stop placing items in Washington's room.  Washington "would also like monetary compesation [sic] in the amount left up to the courts."  Compl. at 4 [ECF No. 1].

This matter is now before the undersigned United States Magistrate Judge on Washington's application for leave to proceed *in forma pauperis* ("IFP").  *See* 28 U.S.C. § 1915.  The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  It is recommended that Washington's IFP application be denied and that this action be summarily dismissed without prejudice.

An IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).  In reviewing whether a complaint states a claim on which relief may be

granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

It appears that Washington looks to bring clams against the defendants in this case either under 42 U.S.C. § 1983 or pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Neither remedy is available to Washington. There is no allegation in the complaint that the alleged search conducted by Mark was conducted under color of law or at the behest of state or federal law-enforcement officials. *See Sanders v. City of Minneapolis*, 474 F.3d 523, 527 (8th Cir. 2007) (noting that "private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." (quotation omitted)); *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014) (same with respect to *Bivens* and federal law). Moreover, there are few details alleged in the complaint about the search itself, and thus it is impossible to tell from the complaint whether, even on Washington's allegations, the search plausibly could be described as unreasonable or illegal. Indeed, it is almost impossible to tell anything at all about the search in question, other than that it turned up items which Washington claims were not his. The complaint is simply insufficient to make out any viable claim against the defendants in this case.

Finally, the Court notes that Washington has moved to "proceed [to] judgement on the pleadings and to close [this] case." ECF No. 3 at 1.  Although unclear, it appears that Washington wishes to voluntarily dismiss this case because he was not punished in any way for the illegal contraband found during the putatively illegal search.  Defendants have not yet filed an answer or a motion for summary judgment, and thus Washington may of his own accord voluntarily dismiss this litigation without prejudice pursuant to Fed. R. Civ. P. 41(a).  But because Washington's motion for judgment on the pleadings is ambiguous (he continues to ask for monetary relief), while his complaint is unambiguously insufficient, this Court recommends dismissal without prejudice under § 1915(e)(2)(B)(ii) rather than dismissal under Rule 41(a). The effect of dismissal without prejudice under either provision would be the same, as Washington would be permitted to replead his complaint if he sees fit.  Washington is warned, however, that any new lawsuit based on allegations similar to those in his current complaint will likely be summarily dismissed as well.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. Plaintiff Theron Preston Washington's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

2. Washington's motion for judgment on the pleadings [ECF No. 3] be DENIED AS MOOT.

3. The complaint be SUMMARILY DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: September 5, 2014            <u>*s/Steven E Rau*</u>
                                                           Steven E. Rau
                                                           U.S. Magistrate Judge

### NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 19, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.